### JAMES POTTS

*v.*

### VICTORIA CULLUM *et al.*

EJECTMENT—*assessment for improvements in favor of defendant.* The legislature intended, by the enactment of the 55th section of the chapter entitled "Ejectment," to afford a speedy method of adjusting the value of permanent improvements made prior to notice of the adverse title, and the section embraces minor as well as adult plaintiffs.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. JAMES M. WARREN, for the plaintiff in error.

Mr. WESLEY SLOAN, for the defendants in error.

Mr. Justice Craig delivered the opinion of the Court:

The defendants in error, four of whom were minors, commenced an action of ejectment against plaintiff in error to recover 40 acres of land in Pope county.

At the March term, 1872, of the circuit court of Pope county, a trial was had and judgment rendered in favor of the defendants in error for the premises in question. At the same term of court, plaintiff in error entered a motion to have seven commissioners appointed to assess the value of the improvements made on the land, which motion was allowed, and the court appointed the commissioners.

At the September term, 1872, of the court, the commissioners filed their report in writing, in and by which they valued the improvements made by plaintiff in error at $165.75. To this report defendants in error filed six exceptions.

The second, fourth, fifth and sixth exceptions were sustained by the court, and the case was stricken from the docket, and judgment rendered against the plaintiff in error for costs.

The plaintiff in error brings the case to this court, and assigns as error the decision of the circuit court in sustaining exceptions two, four, five and six to the commissioners' report.

This whole case hinges on the decision of the circuit court on the second exception. This exception seems to have been sustained by the circuit court on the ground, as shown by the record, that the statute authorizing the appointment of commissioners to assess the value of permanent improvements in ejectment causes does not apply to cases where the plaintiffs are minors.

In order to determine this question, it will be necessary to examine several sections of chapter 36 of Gross' Statute.

Section 43, page 238, provides: "The plaintiff recovering judgment in any of the cases in which such action may be

maintained, shall also be entitled to recover damages against the defendant for the rents and profits of the premises recovered."

Section 44 provides for filing a suggestion of claim for rents and profits in the ejectment suit after judgment.

Section 46 provides for forming an issue for trial.

Section 48 provides that, on the trial of the issue, the defendant shall have the right to set off any improvements made on the premises, to the amount of plaintiff's claim, as is now or shall hereafter be allowed by law.

Section 54 provides that any person who may be evicted from any land for which he can show a plain, clear and connected title in law or equity, deducible from the record of some public office, without notice of an adverse title, etc., shall be exempt from an action to recover rents and profits which may have accrued prior to notice of such title, etc.

Section 55 provides that the court, who shall give judgment of eviction, shall appoint seven persons, who shall go upon the premises and assess the value of the improvements made on the land prior to the receipt of notice by the defendant of the adverse title under which a recovery was had, which assessment shall be signed and sealed by the commissioners, and filed with the clerk of the court prior to the next term of court.

Under section 43, the plaintiff who recovers in an action of ejectment, is entitled to recover rents and profits. The statute is general and broad enough to embrace any plaintiff, and it makes no difference whether such plaintiff is an adult, a minor or a *feme covert.*

Section 48, Gross, page 239, provides that the defendant may set off improvements made on the premises to the extent of plaintiff's claim for rents and profits. Now, under this section, although the plaintiff may be a minor, yet the defendant, by way of set-off, is allowed to recover for improvements.

Section 55, under which commissioners were appointed, and the assessment made in this case, makes no exception in cases where minors are plaintiffs, but is general, and seems to embrace all plaintiffs, regardless of disability. And when the different sections of chapter 36 of the statute, of which section 55 is one, are examined in connection with each other, we are of the opinion that the legislature intended by the enactment of that section to afford a speedy method of adjusting the value of permanent improvements, made prior to notice of the adverse title, and clearly intended to embrace minors, as well as other plaintiffs.

We do not think that exceptions four, five or six were properly sustained, but it is not necessary to discuss those, as the decision of the case turned entirely on exception two.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*