BEARD V. DANSBY.

1. BETTERMENT ACT: *Notice of adverse title.*
   Under the betterment act constructive notice of an adverse title, which the law implies from the registry of a deed, will not preclude an occupant of the land from recovering for improvements, if he, in fact, purchased in good faith and under the belief that he was obtaining a good title in fee. Actual notice is the test.

2. SAME: COLOR OF TITLE: *What is?*

The only requirements of the betterment act are that the occupant should have peaceable possession at the time of making the improvements, under color of title and under the belief that he was the owner of the land. Any instrument having a grantor and grantee, and containing a description of the lands intended to be conveyed and apt words for their conveyance, gives color of title.

3. SAME: *Is retrospective.*

The betterment act is retrospective, and secures compensation for improvements made before its passage as well as afterwards; and is constitutional.

4. SAME: *Infancy.*

Infancy of the owner of the land is no defense to the claim of the occupant for compensation for improvements under the betterment act.

APPEAL from *Drew* Circuit Court.

Hon. W. F. SLEMONS, Special Judge.

*McCain & Crawford,* for appellant.

*First*—The betterment act applies to pending suits. *43 Ark., 420; 44 ib., 365.*

*Second*—It also applies to minors, etc.; does not rest upon contract or consent of parties.

*Third*—The rents should not have been assessed beyond three years before the commencement of the suit. *Tyler on Eject., 681, 844; 1 Chitty on Pl., sec. 296; 1 Wash. R. P., 3d Ed., 568; Mansf. Dig., sec. 2646.*

*Fourth*—Evidence of value of improvements, in mitigation of damages, was admissible. (*Bouvier Law Dict., Mesne Profits; Sutherland on Dam., vol. 3, 349.*) So far as persons *sui juris* are concerned, the betterment act did not change the common law, except in allowing the defendant judgment over for the surplus value of his improvements above the amount of rents. *Wood's Mayne on Dam., sec. 586; Waterman on Set-Off, sec. 537, and notes; 10 Ark., 186;*

*19 ib , 70; Tiederman on Real Prop., sec. 702; 42 Ark., 118; Malone on Real Prop., 120; Adams Eject., 391, and notes; Sedgw. & Wait Trial of Land Titles, sec. 698; 33 Ark., 576.*

The owner of wild land is not allowed to recover rents from one who, in good faith, cleared up the land, when the land would otherwise have had no rental value. *33 Ark., 490; Malone on Real Prop., Trials., 132.*

The universal rule for assessing damages in ejectment is "compensation." *Sedg. & Wait Trials, etc., Land Titles, pp. 440, 449.*

See, also, case of *Shaw v. Hill, 47 Ark.*

SMITH, J. In this ejectment the defendant does not controvert the plaintiff's title, but seeks to recover the value of his improvements and the taxes he has paid. He pleaded that he had entered upon the land in the year 1868 under a deed with covenants of general warranty, and which purported to convey an estate in fee simple; that the land was then in a wild and unimproved state, and he had in good faith, believing that his title was perfect and his right to the possession indisputable, peaceably made improvements to the value of $2000, and had paid the annual taxes, amounting to $150. To the paragraph of his answer, setting up this partial defense, a general demurrer was sustained.

In his deposition, taken before the trial, the defendant testified as to the nature, extent and value of the improvements. This portion of his deposition was suppressed.

At the trial the defendant offered, but was not permitted, to read his deed for the purpose of showing that he went into possession under color of title. Against defendant's objection the court gave this instruction:

"The jury is instructed that the plaintiff is entitled to

1. BETTERMENT ACT.

the rents and profits of the land in cultivation, as shown
by the testimony, from the time the defendant commenced
cultivating it up to the present time."

And the court refused to give the following instruction
requested by defendant:

"If the land was wild and unimproved when defendant
entered, the jury should not allow the rent value of the
land as increased by the improvement."

Notice of
adverse ti-
tle.        By these several rulings (exceptions to which were prop-
erly saved) the circuit court affirmed that the betterment
act of March 8, 1883 (*Mansf. Dig., sec. 2644, et seq*), did not
affect the rights of the parties, and ought not to influence
the result.   The court may have been led to this conclusion
by the fact that the plaintiff's title was of record when the
defendant purchased the land from another party, or by
the fact that the improvements were made and the present
action had been brought before the passage of the act, or
by the fact that the plaintiff was an infant at the time the
improvements were in progress.

But the constructive notice of an adverse title, which the
law implies from the registry of a deed, is not sufficient to
preclude the occupant from recovering for improvements,
if he, in fact, purchased in good faith and under the sup-
position that he was obtaining a good title in fee.   Actual
notice is the test—that is, either knowledge of an outstand-
ing paramount title, or of some circumstance from which
the court or jury may fairly infer that he had cause to sus-
pect the invalidity of his own title.   Now, the mere fact
that the defect in the title would have been disclosed upon
an examination of the public records does not bring such
knowledge home to him; for it is not inconsistent with his
ignorance of the existence of such a deed, nor with an
honest belief that his title is uncontested.   *Sedg. & Wait on*

*Trial of Land Titles, sec. 696; Whiting v. Richardson, 31 Vt., 300.*

The only requirements of the act are, that the occupant should have had peaceable possession, at the time the improvements were made, under color of title and under the belief that he was the owner of the land. Any instrument having a grantor and grantee, and containing a description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title. *Washburn on Real Property, 3d Ed., 139; Teaver v. Akin, 47 Ark., 528, and cases cited.*

2. SAME: Color of title. What is?

Good faith, in its moral sense, as contradistinguished from bad faith, and not in the technical sense in which it is applied to conveyances of title, as when we speak of a *bona fide* purchaser, meaning thereby a purchaser without notice, actual or constructive, is implied in the requirement that he must believe himself the true proprietor. It must be an honest belief, and an ignorance that any other person claims a better right to the land. *Fee v. Cowdry, 45 Ark., 410; Shaw v. Hill, 46 ib., 333.*

The defendant was not cut off from the benefits of the law because his improvements were made before its enactment. The act is retrospective, and was designed to affect past as well as future transactions. And it is not unconstitutional. *Fee v. Cowdry, supra.*

3. SAME: Is retrospective.

The pendency of the action at the date of the passage of the law was an immaterial circumstance. It was explained in *Green v. Abraham, 43 Ark., 420,* and in *Johnson v. Richardson, 44 ib., 365,* where the curative features of this act were before us, that the bringing of a suit does not entitle a party to any particular decision; but his case must be determined by the law as it stands at the time of the judgment.

4. Infancy of the owner.

Nor was the defendant's right to set off the value of his improvements affected by the plaintiff's infancy. The betterment act does not proceed upon the idea of contract, or consent of the parties, or negligence of the owner in asserting his title. It is a rule for administering justice; and the principle of it is, that no one ought to be enriched at the expense of another. The statute is general, and no exception is made in favor of minors. *Potts v. Cullum, 68 Ill., 217.*

The judgment is reversed and cause remanded, with directions to overrule the demurrer to the second paragraph of the answer, and for further proceedings consistent with this opinion.