POPLIN, et al. vs CLAUSEN.

Opinion delivered January 30, 1897.

*Invalid Lease to Non-Citizen—Estoppel.*

   Defendant was in possession of land under a verbal lease providing for possession for a term of years, contrary to the laws of the Cherokee Nation.   This lease was afterwards reduced to writing.   Plaintiffs bought the premises from defendant's lessor, but before the term of defendant expired, with knowledge of the illegality of the lease.   *Held*, that they became a party to the contract and were estopped from bringing suit for possession before the expiration of the term.

*Record—Presumption.*

   In the absence of a showing that the record contains all of the

evidence produced on the trial, the Appellate Court will presume there was sufficient evidence to support the instruction of the trial court.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by Kate Poplin and another against J. F. Clausen. Judgment for defendant. Plaintiffs appeal. Affirmed.

On the 30th of August, 1895, the appellants, Kate and George Poplin, instituted this suit against the appellee, J. F. Clausen, in the United States Court for the Northern district of the Indian Territory, at Vinita, for the recovery of 200 acres of land, more or less, alleging that they were citizens of the Cherokee Nation and the owners and entitled to the possession of the premises in controversy; that the defendant was a citizen of the United States; that he was wrongfully in possession of the premises, and unlawfully holding possession thereof; and that he had so wrongfully and unlawfully kept them out of possession of said premises for two years, etc. Appellee, answering, denied the wrongful acts charged, and alleged that he was in possession of the premises under a verbal contract with one Fannie M. Le Force, who at the time of the execution thereof was the owner of said premises; that on the 14th day of September 1893, he and the said Fannie M. Le Force reduced said rental contract to writing at the request of the appellants that appellants agreed to the terms of said written contract and purchased said premises of Fannie M. Le Force subject to the terms and conditions thereof. A copy of said contract was attached to and made a part of said answer, showing by the terms thereof that it did not expire until March 1, 1900

and upon said contract appeared the following memorandum: "I, Mrs. Fannie M. Le Force, do hereby sell and transfer all my right, title, and interest in and to the said premises described in the written csntract, and give the said Kittie Poplin possession of said premises subject to the terms of said contract, for value received, this day and year above written. Fannie M. Le Force." Appellants demurred to the answer of appellee, and, the demurrer being overruled by the court, replied thereto, alleging that said contract was in violation of the laws of the Cherokee Nation, and void, and did not entitle the defendant to possession against the appellants, and, further, that appellee had failed to comply with the terms of said contract. The cause was tried by a jury on the 3d day of March, 1896, and, after hearing the testimony, the court directed the jury to return a verdict for the defendant. The cause is in this court by appeal, and the appellants assign the following errors: (1) Overruling the demurrer to the answer; (2) directing a verdict for the defendant; (3) overruling the motion for a new trial, and rendering judgment for the defendant.

*Denison and Maxey*, for appellants.

*Hutchings and English* and *Smith and Thompson*, for appellee.

KILGORE, J. (after stating the facts.) The first error assigned assails the action of the court in overruling the demurrer to the defendant's answer. Consideration of this ruling might be refused upon the ground that it was not excepted to in the trial. Johnson vs West, 41 Ark. 535; Elliott, App. Proc. § 784. If at liberty to consider the ruling upon the demurrer, the following facts set up in the answer must be treated as established: That the appellee was in possession of the premises sued for by virtue of a contract with

one Fannie M. Le Force, who was, at the time of making said contract, the owner of and entitled to the possession of said premises; that he went into the possession of said premises under an oral contract and agreement with said Fannie M. Le Force; that appellants, desiring to purchase said premises, requested said Fannie M. Le Force and appellee to reduce their oral agreement and contract to writing, so that there might be no misunderstanding as to appellee's right in and to the premises; that by reason of said request said Fannie M. Le Force and appellee reduced the said contract to writing on the 14th day of September, 1893; that appellants then and there assented to the terms of said contract, and then and there purchased the premises subject to the terms and conditions thereof, by which, in consideration of certain improvements to be made by appellee, he was to have the use and occupancy of the premises until the 1st day of March, 1900; that appellee had performed the things agreed to be done by him under such contract. The theory of the appellants' contention is that they ought to recover the property in controversy, together with all the improvements put on the same by appellee, for the reason that he holds under a lease executed in violation of the laws of the Cherokee Nation. The law of the Cherokee Nation on this subject is set out in appellants' brief, though it does not appear to have been in evidence upon the trial of the case below. That law provides that ''it shall not be lawful for any citizen of the Cherokee Nation to sell any farm or other improvements in said Nation to any person other than a bona fide citizen thereof, nor shall it be lawful to rent any farm or improvements to any person other than a citizen of the Indian Territory, and every person who shall offend herein shall be guilty of a misdemeanor, and shall be punished by a fine in any sum not less than ten dollars nor more than five hundred dollars." Now, if it be admitted that the words ''citizen of the Indian Territory'' are exclusive of

United States citizens (as to which see Westmoreland vs U. S., 155 U. S. 545, 15 Sup. Ct. 243), is the contention tenable that the appellee cannot defensively plead his contract with Mrs. Le Forbe, because it is void under the statute just quoted? Appellee went into possession under a contract with Mrs. Le Force, and made valuable improvements on the premises under that contract. Admitting that Mrs. Le Force violated the Cherokee statute in making the contract, appellants bought out the Le Force claim, accepting and recognizing the contract between her and the appellee, thereby themselves becoming parties to the alleged illegal agreement, and placing themselves exactly in the shoes of their vendor. So that, if the contract was void, as against the laws of the Cherokee Nation, Mrs. Le Force could not have maintained a suit for the rescission thereof, and hence appellants cannot. They must succeed on the strength of their own title if they succeed at all, and not on the weakness or vice in that of the appellee. They cannot derive advantage from their own wrong, nor take any benefit by reason of their misconduct in the premises. It seems to be well settled by the authorities that contracts which are made unlawful by statute are void, though the statute does not in terms so declare, but simply inflicts a penalty upon persons who make such contracts. Sannoner vs Jacobson, 47 Ark. 38, 14 S. W. 458; 3 Am. & Eng. Enc. Law, 872. Assuming that the lease set up by appellee in his answer is void, it is necessary to inquire into his status in relation thereto, and to consider the question of his rights, if any he has. He is in possession under a contract to pay for the use of the premises for a certain number of years by placing thereon certain substantial and valuable improvements, and this contract, it is admitted by the demurrer, he has complied with. In the case of White vs Brown (decided by this court) 1 Ind. Ter. 98, 38 S. W. 335, Chief Justice Springer, in delivering the opinion on a question much like that which is now under

(13)

discussion, used the following language: "The lease, as such, is void. But it was more than a lease of land. It was also a contract for making certain improvements on the land, which were to be made in lieu of cash payments or of giving portions of the crop." It was held in that case that the lessee had an equity in the improvements, of which he could not be deprived without compensation. It was also held in that case that a third person could not be estopped from setting up the illegality of a contract to which he was

<div style="margin-left:2em">Estoppel.</div>

not a party. In the present case appellants admit that they made themselves parties to the contract assailed, caused it to be reduced to writing, and bought subject to it. They do not offer to do equity with reference to the improvements, but seek to recover on the sole ground that appellee and their vendor had violated a Cherokee law. It does not lie in the mouth of appellants to complain of this in this action. Though the lease may be in violation of the law of the Cherokee Nation, yet, having been executed, appellee may have acquired rights which the law would recognize and protect as against every person except the Cherokee Nation. As to this, however, we do not deem it necessary now to express a definite opinion. The court did not err in overruling the demurrer.

It appears, from the evidence, that the father of appellants undertook to purchase for them the lease and improvements held by appellee, as he had purchased for them the rights of Mrs. Le Force, and that, owing to disagreement about the price, the trade was not concluded. Then it was that appellants suddenly became conscience-stricken because of the violation of the Cherokee law by appellee and their vendor, and, being unable to buy the improvements of appellee at their own price, they instituted this suit, and sought to recover them for nothing. Error is assigned to the action of the court in directing the jury to find for the appellee. The record does not show that it contains all the

evidence adduced at the trial.   In the absence of such show- ing, we must presume that there was evidence to require the court's instruction.   Railway Co. vs Amos, 54 Ark. 159, 15 S. W. 362; St. Francis Co. vs Lee Co , 46 Ark. 67; McKinney vs Demby, 44 Ark. 74; Ballard vs Noaks, 2 Ark. 45; Hall vs Needles (this day decided) 1 Ind. Ter. 146; 38 S. W. 671. The judgment is affirmed.

LEWIS, J., concurs.