## COBB v. KILLINGSWORTH.

No. 9539.—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

1. **Judgment—Consent Judgment — Validity —Settlement of Indian Land Suits.**

C., an adult Creek freedman, commenced two separate actions for the purpose of setting aside two deeds to her restricted lands, upon the ground that they were executed by her while she was a minor. When the causes were reached for trial C. and her counsel consented to a judgment and decree whereby the deeds were cancelled as prayed for and money judgments entered against C. for the amount of the consideration she had received for the sales, which judgments were to be liens upon the land involved, to be foreclosed in the event the plaintiff failed to pay the same within 90 days. Held, that said judgments and decrees by consent were not void and subject to collateral attack.

2. **Judgment—Consent Judgment—Binding Effect.**

A judgment by consent is regarded as in the nature of a contract and binding obligation between the parties thereto, which neither, in the absence of fraud or mistake, has the right to set aside and disregard.

3. **Same—Compromise and Settlement.**

As it is not contended that the compromises and settlement made by the plaintiff and her attorneys with the defendants in the original cases, after she had reached her majority, were unfair or that the judgments and decrees entered by consent were unequitable, we think the trial court was right in refusing to disturb them.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Pearl Cobb against M. Y. Killingsworth. Judgment for defendant, and plaintiff brings error. Affirmed.

Merwine & Newhouse and Wallace & Stephens, for plaintiff in error.

J. B. Lucas and Britton H. Tabor, for defendant in error.

KANE, J. This was a suit in equity commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, for the purpose of setting aside two judgments upon the ground that they clouded the title to certain real estate belonging to the plaintiff. Upon trial to the court there was judgment for the defendant, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The facts necessary to review the grounds for reversal relied upon may be briefly summarized as follows:

In 1913 the plaintiff, then an adult freedman citizen of the Creek Nation, commenced separate actions against Walter Weimer and M. A. Holcomb and M. Y. Killingsworth, for the purpose of setting aside two deeds, one of which conveyed 70 acres of the 120-acre tract involved to Weimer and Holcomb, the other conveying 50 acres thereof to M. Y. Killinsworth, the defendant herein.

In the petitions filed in these actions the plaintiff alleged that the land involved was set apart to her as her share of the lands of the Creek Nation, and that the deeds were void because she was a minor at the time of their execution. She further alleged that after the execution of said deeds each defendant took possession of the part of her lands conveyed to him and collected the rents and profits therefrom, wherefore she prays damages, etc.

The answers of defendants were substantially the same, consisting of a general denial and allegations to the effect that the defendants bought the land described in plaintiff's petition, paying therefor a valuable consideration in cash, and that at the time the sale was made the plaintiff represented that she was more than 18 years of age and

was married, and that she had her restrictions or disabilities removed by the district court of McIntosh county, all of which the defendants relied upon and believed as represented and made the purchases in good faith, etc.

When the causes were duly reached for trial the plaintiff, who had then reached her majority, entered into an agreement with the respective defendants by the terms of which judgment was rendered in favor of the plaintiff for the cancellation of the deeds, but each of the defendants was given a money judgment covering the purchase price which he had paid for the lands, which judgment was to be a lien upon said lands to be foreclosed in the event plaintiff failed to pay the same within 90 days from the rendition of the judgment. Upon the plaintiff failing to pay these judgments by consent, foreclosure proceedings were had in the district court, whereby the entire tract of land was duly and regularly sold to M. Y. Killingsworth, the defendant herein, he being the highest bidder, the aggregate purchase price being in the neighborhood of $2,000, which sum, after deducting the amount of the judgment, costs, etc., was turned over to the plaintiff. Afterwards the sale was confirmed by the court, and in due time a deed was duly issued to the defendant by the sheriff. There is no charge of fraud or that the compromise and settlements between the plaintiff and the defendants in the former actions were not fair, just and equitable.

The grounds for reversal are summarized by counsel for the plaintiff in their brief as follows:

"The judgments and decrees under which the sale of the real estate were made by the sheriff in each of the suits to Killingsworth were void.

"A. Because the judgment and decree in each case was made without any issue or pleading to support the same.

"B. Because, even if there should have been pleadings filed in each of the actions, charging that the consideration money in each case constituted a lien on the land for the return of the price paid to the minor, still it was without the power or the jurisdiction of the court to declare a lien thereon and to order the real estate sold in default of a return of the purchase price therefor."

We are unable to agree with counsel that these judgments were void upon either of the grounds stated above. There are authorities to the effect that a judgment that is entirely without the issues of the case is a nullity and may be vacated and set aside at any time on motion of the party or any person affected

thereby. Anglea v. McMasters, 17 Okla. 501, 87 Pac. 660; but in our opinion the money judgments and the decrees entered against the plaintiff by consent, in the circumstances above disclosed, do not belong to this class. The original actions, as we have seen, were for the cancellation of certain deeds and were equitable in their nature.

The general rule, not only in equity, but by statute, is that, before a party to a contract can rescind the same, he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so. Section 986, Rev. Laws 1910. This is the general rule applicable to all cases except where the instrument sought to be rescinded was executed by a restricted Indian in relation to his restricted lands.

There is another class of authorities to the effect that where a void contract becomes executed, and a party acquires a possessory right thereunder, the other party thereto cannot retain the consideration for same, and at the same time repudiate and avoid the contract so as to recover such possession, and courts of equity will not cancel such contract without requiring the person that has received the consideration to make proper recompense to the other party. White v. Brown, 1 Ind. T. 98, 38 S. W. 335; Poplin v. Clausen, 1 Ind. T. 157, 38 S. W. 974; Wrought Iron Bridge Co. v. Town of Utica et al. (C. C.) 17 Fed. 316; Beard v. Dansty, 48 Ark. 183, 2 S. W. 702; Potts v. Cullom, 68 Ill. 217; Brockway v. Thomas, 36 Ark. 518. And there is an unbroken line of authority to the effect that where a minor makes a contract and gets the benefits thereof, he will not be permitted, with such benefits in hand, to disaffirm said contract, without making a proper tender or offer to refund when so within his power. Stull v. Harris, 51 Ark. 294, 11 S. W. 104, 2 L. R. A. 741; American Freehold Land Mortgage Co. v. Dykes, 111 Ala. 178, 18 South. 292, 56 Am. St. Rep. 38; Craig v. Wan Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569; Englebert v. Troxell, 40 Neb. 195. 58 N. W. 852, 26 L. R. A. 177, 42 Am. St. Rep. 665.

It is true that an Indian allottee, when seeking to cancel a deed that is void because made contrary to an act of Congress imposing restrictions upon his land, is not required to restore the consideration he has received for such deed where it is shown that he has squandered the same and has none of it in his possession at the time of his suit, but this relief is not denied because it is not

within the issues joined by the pleadings. It simply means that on account of the special statutes applicable to that class of persons and lands, the court is without power to enter a judgment of that sort even though the rules of equity ordinarily require such relief. So we think the money judgments and the decrees rendered were fully within the issues joined by the pleadings, and that the only question for consideration is whether the court had the power to enter the judgments and decrees by the consent of the plaintiff, who, as we have seen, had at that time reached her majority. In their reply brief counsel for plaintiff concede that no question is made as to the age of the allottee at the time the decrees were rendered in the original cases, nor is any question made that her land was not restricted, nor any question made as to her competency to make an agreement whereby the compromise decree might have been made and entered as to her real estate. In these circumstances we think it was entirely competent for the plaintiff to consent to the decree entered against her. It is true that without her consent this part of the judgment would probably have been void, and subject to collateral attack. But a judgment by consent is regarded in the nature of a contract, and as at the time the consent was given the plaintiff had reached her majority, she was therefore capable of making any sort of a contract she saw fit in relation to her unrestricted lands. Louis v. Allen et al., 42 Okla. 584, 142 Pac. 384; Welch v. Ellis et al., 63 Oklahoma, 163 Pac. 321.

In 23 Cyc. 729, it is said:

"A judgment by consent of the parties is more than a mere contract in pais; having the sanction of the court, and entered as its determination of the controversy, it has all the force and effect of any other judgment, being conclusive as an estoppel upon the parties and their privies, and not invalidated by subsequent failure to perform a condition on which the consent was based, although it may be inquired into for fraud practiced upon one of the parties, or as against other creditors of defendant."

The rule is stated in Freeman on Judgments, sec. 330 (3rd Ed.) p. 373, as follows:

"A judgment by consent is regarded as in the nature of a contract and binding obligation between the parties thereto, which neither, in the absence of fraud or mistake, has the right to set aside and disregard, and which as against each is a waiver of errors and irregularities, and when such consent judgment embraces matters or extends to relief not involved within nor responsive to the issues in the case, it, with respect to such matters and relief, no doubt partakes more of the character of a voluntary agreement between the parties than of a judgment of the court determining a controversy between real litigants."

In U. S. Const. Co. v. Armour Packing Co., 35 Okla. 177, 128 Pac. 731, the rule is stated as follows:

"In the absence of fraud in its procurement, and between parties sui juris, who are competent to make the consent, not standing in confidential relations to each other, a judgment or decree of a court having jurisdiction of the subject-matter, rendered by consent of parties, though without any ascertainment by the court of the truth of the facts averred, is, according to the great weight of American authority, as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusion embodied in the decree had been rendered upon controverted issues of fact and a due consideration thereof by the court. See. also, to the same effect, 2 Black on Judgments, section 705; Freeman on Judgments, section 330; Walsh v. Walsh, 116 Mass. 385, 17 Am. Rep. 162; Nashville & C. R. Co. v. U. S., 113 U. S. 261, 5 Sup. Ct. 460, 28 L. Ed. 971; 23 Cyc. 733."

As it is not contended that the compromises and settlements made by the plaintiff and her attorneys with the defendants in the original cases, after she had reached her majority, were unfair or that the judgments and decrees entered by consent, were unequitable, we think the trial court was right in refusing to disturb them.

For the reasons stated, the judgment of the trial court is affirmed.

RAINEY, V. C. J., and JOHNSON, PITCHFORD, McNEILL, and BAILEY, JJ., concur.