**Janie E. KELLENBERGER, Appellant,**

v.

**GUARANTY LOAN AND INVESTMENT CORPORATION OF TULSA et al., Appellees.**

**No. 46705.**

Court of Appeals of Oklahoma, Division No. 1.

May 28, 1974.

Rehearing Denied July 2, 1974.

Certiorari Denied Oct. 22, 1974.

Released for Publication by Order of Court of Appeals Oct. 24, 1974.

Robert Lee Blackwood, Tulsa, for appellant.

Woodson & Gasaway by Don E. Gasaway and John R. Roberson, Legal Intern, Tulsa, for appellees.

BAILEY, Judge:

The first lawsuit between the litigants was an action in forcible entry and detainer filed by Guaranty Loan and Investment against Janie Kellenberger to recover possession of the real property which is the subject of this suit. During the course of that proceeding it was revealed that Janie Kellenberger had quitclaimed the property to Guaranty, which held a second mortgage on the premises, in order to forestall foreclosure since default as to both the second and first mortgages had occurred.

The record reflects that both parties were represented by counsel in that pro-

ceeding, and that an agreement was reached in which the defendant, Kellenberger, agreed tó surrender possession of the property by the 15th of February, 1971. She also agreed to surrender any right, claim or interest which she might have in that property. In return, Guaranty released the defendant from any claims which it would have against her especially with respect to any deficiency or sums owing on the note and mortgage. This agreement was reached in open court and was included in the final judgment.

Guaranty later deeded the property to its current occupants, the Farrars. Approximately two years after the conclusion of the proceedings in the forcible entry and detainer action, Janie E. Kellenberger filed the present lawsuit in district court which is the subject of this appeal. The lawsuit joined McKinney, the President of Guaranty, the present occupants, the Farrars, and Guaranty Loan and sought ejectment, to cancel the quitclaim deed given by her to Guaranty as having been obtained by fraud and duress, to impress constructive trust on the first mortgage payments made by Guaranty, and to quiet title in the plaintiff, Janie Kellenberger, to the real estate in question. The District Court sustained the defendants' special demurrers to the petition upon the ground that the plaintiff was estopped to bring this action because of the settlement and judgment in the prior proceeding. Thereafter plaintiff perfected this appeal.

■ A demurrer should not be sustained on the ground of prior adjudication unless this fact appears from the face of the petition. James v. Unknown Trustees, 203 Okl. 312, 220 P.2d 831 (1950); King v. Rogers, 123 Okl. 228, 253 P. 95 (1927). By liberal construction of this petition, it appears that defendant corporation brought a forcible entry and detainer action against the plaintiff in January, 1971, based upon a quitclaim deed from the plaintiff made to the corporation approximately one year earlier. The only other averment in the

petition relevant to the issue of prior adjudication is that the conduct of the corporation wantonly deprived the plaintiff of the use and occupation of the premises in question. No mention is made of the settlement or consent judgment in that case which appears in the record in this case and which the parties refer to in briefs on this appeal as crucial to the effect of the prior case on this one.

■ These averments fall short of providing enough detail to decide from the face of the petition in this case that the prior events preclude this suit. However since it appears that the consent judgment and other parts of the record in the prior action were before the trial court in this case and were considered by it with the consent of the parties in making its decision on the demurrer, we are disposed to consider the demurrer (as the trial judge seems to have done in fact) as if it were a motion for summary judgment upon which such material extrinsic to the petition may be presented and considered. Rule 13, Rules for the District Courts of Oklahoma, 12 O.S.1971, Chapter 2, Appendix.

■ So considered, on the merits was the trial court right in ruling that the prior litigation precluded the maintenance of the present suit by the plaintiff? We think that this ruling was correct upon the ground that during the prior lawsuit, the defendant (the plaintiff here) agreed in open court as a part of a general settlement of the controversy between her and the Guaranty Loan and Investment Corporation (the plaintiff there, the defendant here) that she would give up all right, claim or interest in the property which is the subject of this suit by her against the corporation. This part of the agreement, with its other aspects, was incorporated into the judgment of the court in that litigation.

At the time that agreement was made, all the events had occurred which the plaintiff now seeks to make the basis of her various claims in this suit. Therefore

the plaintiff is now barred from maintaining these causes of action by the prior consent judgment which incorporated her solemn agreement made in open court that she would make no further claim against the property. See Cobb v. Killingsworth, 77 Okl. 186, 187 P. 477 (1920).

■ The plaintiff now argues that the agreement and consent judgment were beyond the jurisdiction of the special judge in the prior case insofar as she gave up all interest or claim to the property since that suit was a forcible entry and detainer action brought by the Investment Corporation against her.

A forcible entry and detainer action in Oklahoma may be heard by a special judge. 20 O.S.1971, § 123. Other claims may not be included in the same action and the judgment is conclusive as to the issues adjudicated but does not bar any other actions brought by either party. 12 O.S.1971, § 1148.1. In addition if the question of title is raised, the forcible entry and detainer action does not proceed before the special judge but as an action in ejectment before the proper division of the District Court. 12 O.S.1971, § 1148.6; 20 O.S.1971, § 123. The plaintiff argues that the prior agreement and consent judgment did dispose of other claims, went beyond the issues properly adjudicated in a forcible entry and detainer action, and allowed a special judge to determine title, and therefore the judgment was void and does not bind this plaintiff though she then consented to it.

■ This argument overlooks the scheme of distribution of power to the District Court in Oklahoma. The District Court has jurisdiction in *all* civil cases. For administrative purposes, certain of those cases are assigned by statute to special judges while others are assigned to associate or district judges. However all the judges are judges of the district court and the statutory allocation of cases among them is not accomplished by limiting the jurisdiction of the special judge or the others but by merely designating the cases he

may handle as a matter of administrative convenience. Consequently in the absence of objection, any judgment rendered by a special judge which could have been rendered by the district court is valid. Bowen v. State, 497 P.2d 1094 (Okl.Cr.1972). Otherwise, "Permitting a party to attack a judgment of a special judge for the first time after the trial is over by an appeal or by a collateral attack on the ground that the action is not one that could be heard by a special judge would frustrate the purpose of the new Judicial Article by reintroducing jurisdictional boundaries. The Judicial Article created one general trial court to prevent such problems from arising." Fraser, Oklahoma's New Judicial System, 21 Okla.L.Rev. 373, 380 (1968).

■■ Not only was there no objection to the judgment rendered in the prior forcible entry and detainer action but all aspects of it were based on the solemn agreement of both parties in open court. The defendant there (the plaintiff here) agreed to give up any and every claim to the property which she now is trying to assert, which agreement was incorporated into the final judgment. That consent judgment was within the jurisdiction of the District Court to render. The above limitations on adjudication by a special judge in a forcible entry and detainer action are not restrictions on the authority of the district court in ejectment or other civil actions. Since there was no objection at the time to entry of that judgment by a special judge but, in fact, consent to it, the judgment was, and is, just as valid as if it had been rendered by a district judge. Bowen v. State, supra.

The trial court correctly concluded that the plaintiff was estopped from asserting the present claims concerning her former property by the consent judgment entered in the prior litigation.

Affirmed.

BOX, P. J., and ROMANG, J., concur.