## SANGO v. SANGO.

No. 16382—Opinion Filed Oct. 12, 1926.

(Syllabus.)

1. **Divorce—Continuing Jurisdiction of Court to Make Orders Relative to Custody and Support of Children.**

Under the provisions of section 507, Compiled Oklahoma Statutes, 1921, the court retains the right at any time, upon its own motion, or the suggestion of anyone interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed.

2. **Same—Showing of Changed Condition to Authorize Modification of Judgment.**

When a final judgment affecting support and maintenance of minor children is sought to be modified as provided by section 507, Compiled Oklahoma Statutes, 1921, there must be shown a change in condition of the parties such as to render such modification proper.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Dora Sango against Edward Sango. Judgment for plaintiff. From a judgment modifying a former judgment awarding maintenance and support to minor children, plaintiff appeals. Reversed and remanded, with instructions.

R. E. Stewart and Bruce & Brewer, for plaintiff in error.

Disney & Wheeler, for defendant in error.

RILEY, J. This cause is now presented the second time on appeal to this court. The controversy concerns the modification of a final award for the support and maintenance of minor children. The original judgment in this case was entered August 20, 1923, in the district court of Muskogee county. On the former appeal, Sango v. Sango, 105 Okla. 166, 232 Pac. 49, on December 23, 1924, this court reversed in part and affirmed in part the judgment rendered below. Material to this appeal, that part of the former judgment of the trial court providing for $50 per month for support and maintenance of two minor children during their minority was affirmed; and certain real estate involved in the action, and by said judgment decreed to be the property of the defendant husband, was charged with a lien to secure the payment of the maintenance awarded.

In compliance and in accordance with the mandate and opinion of the Supreme Court, on the 4th day of February, 1925, judgment was rendered in the lower court. On February 23, 1925, the defendant filed a motion to modify the judgment, and on March 7, 1925, the district court, by journal entry, modified its former judgment, as affirmed by the Supreme Court, relative to the support and maintenance of the minor children by eliminating the award of $50 per month pending the minority of the children and by substituting therefor an award in a lump sum of $1,200. It may be borne in mind that at the date of the modification the defendant was in default for the payment of eighteen months' support and maintenance, or in the sum of $900.

From said order so modifying the said judgment, the plaintiff perfected this appeal and assigns as error the action of the trial court in sustaining the motion of the defendant and in modifying the judgment of the lower court as theretofore rendered by said court and as theretofore affirmed by the Supreme Court.

The plaintiff in error presents this question: Has the trial court power and authority to modify its former judgment made and entered by and under the mandate and decision of the Supreme Court?

The plaintiff in error cites Stumpff v. Harper, 90 Okla. 195, 214 Pac. 709; Wells v. Shriver, 81 Okla. 108, 197 Pac. 460; Midland Valley Railway Co., v. Clark, 96 Okla. 264, 221 Pac. 1025; and numerous cases to the effect that:

"When the party aggrieved by the judgment of the trial court appeals to this court, and the judgment of the trial court is affirmed, and such judgment has become res adjudicata, the trial court is without jurisdiction to entertain a motion, application, or petition to vacate and set aside such judgment, or retry the issues that had theretofore been tried and adjudicated."

We agree with the law announced in the cases cited, but so far as a judgment for maintenance and support for minor children is concerned, we are of the opinion that a court having jurisdiction has the power to modify, when proper, before or after final judgment.

Under the provisions of section 507, Compiled Oklahoma Statutes, 1921, the court retains the right at any time, upon its own motion, or the suggestion of anyone interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed. Miles v Miles (Kan.) 70 Pac. 631.

Section 507, supra, is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

By reason of this section, the court having jurisdiction of an action for divorce, upon proper notice and within its sound judicial discretion, may change any former order made concerning the matter enumerated within the foregoing statute, by adding to or taking from the burdens of either party relative to the same. The fact that the cause was appealed to the court of last resort and there affirmed does not alter the finality of the judgment. As stated in the case of Josey v. Josey, 114 Okla. 224, 245 Pac. 844. the duty to support one's minor children is a continuing obligation. However, on a motion to modify an award for maintenance and support of minors, the court is not authorized, nor has it the power, to go back and determine that the allowance in the original judgment was unjust or inequitable in view of the then circumstances of the parties. Section 507, supra, is not retroactive, but it is prospective. It is for the time being. The right to modify must date from the application for modification. It must be based upon a change in condition. It must look to the then condition; and fix and determine not what their past rights were, but what they shall be. It may alter their rights and duties toward each other thereafter whenever circumstances render such change proper.

In the case at bar it is true that only $900 maintenance was due and in default at the time of the modification of the award; and the new award being in the sum of $1,200 as a matter of calculation was not then retroactive in its nature, for it paid up in ratio of the original award for a period of 24 months, or until September 1, 1925, whereas the modification order below was of the date of March 7, 1925. The amount awarded in lump sum then was more than the sum then due, but at this date the amount due is $1,850.

The decisive point in this case is whether or not there was a change in condition of the parties that warranted the modification. No mention of a change in condition is made in this original order or journal entry of March 7, 1925, but by nunc pro tunc order on March 27th, the court below found:

"* * * That conditions with reference to the real estate involved have undergone a material change since the date of the entering of the decree. The court finds from the evidence introduced in the record. by the witnesses, Virgil R. Coss, and plaintiff, Dora Sango, in this case, that the land is of the reasonable value of eight thousand dollars ($8,000.00); that, whereas at the trial of said cause, said land was considered to be of the value of twelve thousand dollars ($12,000.00). The court further finds that said land is mortgaged, having two mortgages upon it, aggregating the amount of principal and interest and back taxes, approximately four thousand dollars ($4,000.00). The court further finds that said mortgages are due and that the mortgagees are demanding payment of the same, and the court is of the opinion that unless the order made heretofore be modified so as to fix a lump sum that the minor children may be foreclosed of any interest in the said land."

While the condition related in the nunc pro tunc order may be true concerning the decreased value of the real estate upon which

the lien is placed, yet at no place is there any testimony or evidence concerning the financial responsibility or condition of the father, the defendant, or concerning his inability to respond for the support of his minor children. It is true the petition for modification pleaded "that the defendant is unable to pay said allowance of $50 per month," yet the response of plaintiff controverts that allegation by alleging that the circumstances of the parties have not changed, and the record is silent as to any evidence except as to the value of the land in controversy. A change in condition to warrant a modification of an order of support and maintenance of minor children must be a change as affecting the parties, which in this instance not only includes the value of this property of the father, but his earning power as well.

These people are evidently in moderate circumstances. The property here involved is shown not to be mortgaged for any more than it was when the case was first before this court on appeal. The plaintiff mother has brought evidence which tends to show that she can, in the interest of the children, save this property from mortgage foreclosure.

It is perhaps true that the value of this real estate has fluctuated to some extent. It is likewise true and is borne out by the record that the rental value and the return from this land varies but little. The father, if need be, should labor to support his minor children. He has not shown a disability, but by his petition he shows he desires to sell the property now answering for and guaranteeing his duty toward his offspring. He has contributed nothing toward the support of his children since his marital relation was severed by the divorce granted in 1923, at his fault. He has been in default in his duty toward his children as decreed by the lower court and as affirmed by this court ever since his divorce.

There is no showing of a change of circumstances of the parties warranting a modification of the award, and the modification of the support and maintenance as entered is against the clear weight of the evidence, and the judgment of the lower court is reversed, with directions to enter judgment continuing in force the award of $50 per month and the lien on the property as originally made.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, and CLARK, JJ., concur.

Note.—See under (1) 19 C. J. p. 349, §809; p. 358, §819; 9 R. C. L. p. 439 et seq.: 3 R. C. L. Supp p. 801.   (2) 19 C. J. p. 359, §819 (Anno) ; anno. 41 L. R. A. (N. S.) 597 ; 9 R. C. L. p. 476; 2 R. C. L. Supp. p. 811 ; 4 R. C. L. Supp. p. 608.