INSURANCE SERVICE CO. et al. v. FINEGAN.

No. 31989. Dec. 18, 1945.

Rehearing Denied Feb. 5, 1946.

165 P. 2d 620.

I. J. Underwood, Paul Pinson, M. C. Rodolf, and R. D. Hudson, all of Tulsa, for plaintiffs in error.

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for defendant in error.

PER CURIAM. This is an appeal by Insurance Service Company, a trust estate, J. A. Frates, Jr., Everett Petry and R. H. Siegfried, trustees, and J. A. Frates, Jr., Everett Petry, and R. H. Siegfried individually, from a judgment rendered against them in favor of plaintiff and from an order overruling their motion for new trial and motion to vacate the judgment.

Plaintiff is the owner and holder of several beneficial certificates in the Insurance Service Company and his action was brought against the defendants for the appointment of a receiver, an accounting, and for the removal of the trustees. It is predicated on mismanagement and fraud. Defendants' answer consisted of a general and special denial of allegations contained in plaintiff's petition.

During the progress of the trial one of the counsel for defendants announced in open court that an agreement had been reached for the settlement of the case. In this respect the record discloses the following:

"Mr. Pinson: If the Court please, a settlement has been reached in this case. I will state the general terms to the Court. This settlement involves the receipt by the plaintiff of the sum of $6,000.00, and the delivery by the plaintiff to the defendants of all his stock in the Insurance Service Company.

"The details of this transaction have not been agreed upon for reason which I dislike to put in the record, but whatever value or benefit may be derived by either the plaintiff or defendants in the way of income taxes, we naturally want, and each person wants to consult his own income tax attorney, as to how the details will be worked out.

"Mr. Finegan will walk out with $6,-000.00, and the defendants will walk out with the stock but I suggest to your Honor and to counsel that your Honor enter his judgment as per journal entry, and I am prepared to say here to counsel and your Honor that we will call upon the Court to render an agreed judgment, but how the details will be worked out or the matter will be submitted to you—the details have not been worked out at this time.

"Mr. Spillers: We suggest that the Court enter judgment as per journal entry.

"Mr. Pinson: We will submit a journal entry approved by all parties.

"The Court: The Court enters judgment according to the stipulation of the parties, all as per journal entry."

The above order was made on the 19th day of April, 1944. The parties thereafter were unable to reach an agreement as to the details of the settlement. Defendants insisted that their offer of settlement was upon condition that the details thereof be worked out

satisfactorily to their tax attorney; that several conferences were had to reach an agreement as to such details but without result. Counsel for plaintiff then requested the court to set the matter for hearing for the purpose of determining the form of judgment which should be entered. The hearing was had thereon on the 24th day of April, at which hearing, after hearing statements of counsel, the court ordered that upon transfer of the certificates by plaintiff to defendant, Insurance Service Company, judgment should be entered for plaintiff and against defendants in the sum of $6,000 with interest at 6 per cent from the 19th day of April, 1944, until paid, and directed that judgment be entered as of April 19, 1944. The court further directed counsel for plaintiff to draw a journal entry in accordance with such order. Such journal entry was drawn accordingly and signed by the presiding judge.

Defendants thereafter filed a motion for new trial and a motion to vacate the judgment. Both motions were overruled. Considerable evidence was heard on the motion to vacate.

The evidence on behalf of defendants is to the effect that the settlement was to be made only upon condition that the details thereof could be worked out satisfactorily to their tax attorney; that no such settlement could be reached for the reason hereinafter stated. Defendants would not agree to the settlement unless the consideration to be paid for the transfer of the certificates could be allotted in part as received for the sale of the stock and in part as settlement of the suit. They contended that the market value of the stock at the time was $1,000 and that the balance of the consideration paid was for compromise of the suit and that any judgment entered should so provide. Plaintiff testified that he understood from Mr. Siegfried, one of the defendants, that de-

fendants desired to make a settlement to their best interest for tax purposes, but he did not understand that such condition entered into, the settlement. Plaintiff further testified that he would not agree to a value of $1,000 being placed on the stock for the reason that if he did so, it would result in an additional income tax assessment against him of approximately $400. It is also shown by the evidence that defendants would not agree to a final settlement on any other basis than as above stated for the reason that if they did so, it would result in an additional income tax assessment against them.

It is the contention of defendants that when this evidence is considered in connection with the statement made at the time the court entered its order, it is insufficient to establish that such a completed agreement had been reached by the parties which would authorize the court to enter a judgment against them by consent. With this contention we are inclined to agree. In the case of Grayson v. Pure Oil Co., 189 Okla. 550, 118 P. 2d 644, we held:

"An agreed judgment is in the nature of a contract and is to be construed the same as other contracts."

In vol. 34 C. J. page 132, sec. 333, it is said:

"If the agreement or consent is made in open court, it may be made orally; otherwise it should be in writing and be filed. But a judgment may be entered on an oral agreement made out of court when necessary to prevent injustice to one party. The consent should be so clear and specific in terms that no mistake can arise respecting the concurrence of the parties. . . ."

At page 133, sec. 337, the author further states:

"A judgment by consent, being regarded as a contract between the parties, must be construed as any other contract. Its operation and effect must be gathered from the terms used in· the agreement, and it should not be extended beyond the clear import of such terms; nor can it be supplemented by agreements which are not a part of it, unless attacked for fraud or mistake."

In the case of Edwards et al. v. Gifford, 132 S. W. 2d 155, the Civil Court of Appeals of Texas held:

"Courts are entirely without authority to enter any judgment by agreement other than a judgment falling strictly within the stipulation of the parties."

The statement made by counsel at the time the order relied upon by plaintiff was made did not disclose a completed agreement between the parties.

Counsel stated that the parties had reached a settlement in general terms but that the details of the settlement had not been agreed upon, and further stated that the details thereof would be worked out later and that the court would then be called upon to enter an agreed judgment. We therefore conclude that no completed agreement had ever been reached between the parties as would authorize the court to render judgment by consent against the defendants. The motion to vacate should have been sustained.

Plaintiff also contends that this court is without jurisdiction to consider an appeal from the original judgment rendered for the reason that defendants' motion for a new trial was not filed within three days after the judgment was rendered, and for the further reason that notice of appeal therefrom was not given in time. It is his contention that the judgment was actually rendered on the 19th day of April, 1944, instead of the 24th day of April, 1944, the date upon which the written judgment was actually entered; that the motion for new trial was not filed until the 2nd day of May, 1944, and notice of appeal was not given until after the motion was overruled; that neither the motion for new trial nor the notice of appeal was filed in time. Plaintiff, however, made no objection to the consideration of the motion for new trial by the court. It was considered and overruled. The record further discloses that an appeal was also taken from an

order overruling the motion to vacate. It is not contended that notice of appeal from this order was not given in due time. Since the appeal was also taken from such order, it is not necessary to a decision in this case to determine the question of our jurisdiction to entertain an appeal from the original judgment.

The judgment is reversed and the cause remanded, with directions to sustain the motion to vacate and for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, DAVISON, and ARNOLD, JJ., concur. CORN, J., dissents.