## GREESON v. GREESON.

No. 34634.   April 7, 1953.

Rehearing Denied May 12, 1953.

*257 P. 2d 276.*

George H. Jennings, Sapulpa, for plaintiff in error.

Streeter Speakman, Jr., Sapulpa, for defendant in error.

PER CURIAM.   There is virtually no dispute about the facts in this controversy. On May 18, 1940, the plaintiff in error, hereinafter referred to as plaintiff, was granted a divorce from the defendant in error, hereinafter referred to as defendant. She was given the custody of the three then minor sons of the parties and the defendant

was ordered to pay plaintiff $15 per week for child support.

On February 15, 1941, the plaintiff remarried and she, her husband and the three minor children moved to California where they resided at the time of this trial. On September 17, 1942, the defendant enlisted in the U.S. Navy where he served until his discharge on September 18, 1945.

The defendant made no payments to the plaintiff for the support of the children which the divorce decree ordered him to make. However, by virtue of and during his service in the Navy the plaintiff received from the United States Government 10 monthly allotments of $43.70 each and 10 monthly allotments of $70 each.

During 1946 the oldest boy became self-supporting and the parties commenced negotiations with reference to the amount the defendant should pay the plaintiff for the support of the two younger boys. The plaintiff demanded $50 and the defendant offered $30 per month. The plaintiff consulted her attorney in Richmond, California, and the defendant consulted his attorney in Sapulpa, Oklahoma. In an exchange of letters between the attorneys it was agreed that the defendant should pay $40 per month, and to make the agreement binding on both parties, the defendant's attorney suggested that the matter be handled through an agreed court order modifying the original decree. He prepared and forwarded to plaintiff's attorney a proposed order for his and plaintiff's approval and for plaintiff's signature. After consulting with and upon advice of her attorney the plaintiff signed the proposed order and it was returned to the defendant's attorney for presentation to the court. On December 21, 1946, the court signed the order so approved in writing by the plaintiff and the defendant, which is as follows:

"This matter coming on to be heard on application of defendant, Ray Greeson, to modify divorce decree entered in the above entitled cause on the 18th day of May, 1940, in so far as it affects the order for support for the children of said marriage.

"And it appearing to the court that the eldest child, to-wit, Charles Ray Greeson, is now in the military service of the United States and is self-supporting and that the decree providing for the payment of $60.00 a month should be modified.

"It is therefore ordered, adjudged and decreed by the court that said decree be and the same is hereby modified awarding plaintiff the sum of $40.00 per month in lieu of all other sums and in lieu of the $15.00 per week provided for therein, the first payment of $40.00 to be paid on January 1, 1947, and on the first day of each month thereafter until further order of the court.

"Done in open court this 21st day of December, 1946.

"C. C. Beaver, District Judge.

"O.K'd
"Opal Greeson
"Ray T. Greeson"

Following the entry of the above agreed order and commencing January 1, 1947, to and including September 3, 1949, the defendant paid the plaintiff $40 each month, except three payments which the plaintiff said she did not receive.

On August 20, 1949, the second son of the parties was married and became self-supporting, and on September 23, 1949, the defendant filed a motion to modify the agreed order of December 21, 1946, by reducing the payments from $40 to $25 per month in view of the change in condition. The plaintiff filed a response to this motion and also filed an application for an order determining the amount of unpaid installments which matured between May 18, 1940, the date of the divorce decree, and January 1, 1947, as well as the amount unpaid under the agreed order of December 21, 1946, and prayed for judgment against the defendant for the amount so found to be due.

After introduction of evidence establishing the above facts, the trial court rendered judgment modifying the order of December 21, 1946, by reducing the amount of child support from $40 to $30 per month, and also rendered judgment in favor of the plaintiff for $120, being the amount of 3 installments under the order of December 21, 1946, which the court found to have been unpaid. No complaint is made about this part of the judgment. The trial court further found "that the plaintiff is not entitled to recover any further sum" and refused to render judgment for any of the unpaid installments which accrued prior to December 21, 1946, the date of the agreed order. It is from this part of the judgment that plaintiff appeals.

Plaintiff contends that the order of December 21, 1946, insofar as it operates retroactively to relieve the defendant of liability for the unpaid installments accrued prior to the entry of the order, is void because the court was without authority to make such an order.

With this contention we agree. Under 12 O.S. 1941 §1277, the court has authority to modify an order for child support prospectively. The court does not have authority to make the modifying order operate retroactively Sango v. Sango, 121 Okla. 283, 249 P. 925; Reynolds v. Reynolds, 192 Okla. 564, 137 P. 2d 914. Therefore, if the order of December 21, 1946, had been entered by the court upon the merits after a trial of the issues, it would have been void insofar as it had the effect of relieving the defendant of liability for unpaid installments accrued up to the time of the entry of the order.

However, it is agreed that the order of December 21, 1946, was a consent order entered by the court upon the agreement and consent of the parties. While in its retroactive aspect it is void as a court order, yet being a consent order, it is in the nature of a contract, and in the absence of fraud or mistake, is a binding obligation between the parties thereto. In Cobb v. Killingsworth, 77 Okla. 186, 187 P. 477, this court said:

"It is true that without her consent this part of the judgment would probably have been void, and subject to collateral attack. But a judgment by consent is regarded in the nature of a contract. ***"

and in the same case, the court, quoting from Freeman on Judgments, said:

" 'A judgment by consent is regarded as in the nature of a contract and binding obligation between the parties thereto, which neither, in the absence of fraud or mistake, has the right to set aside and disregard, and which as against each is a waiver of errors and irregularities, and when such consent judgment embraces matters or extends to relief not involved within nor responsive to the issues in the case, it, with respect to such matters and relief, no doubt partakes more of the character of a voluntary agreement between the parties than of a judgment of the court determining a controversy between real litigants.' "

In Buchanan v. Buchanan, 170 Va. 458, 197 S.E. 426, the Virginia Supreme Court of Appeals said:

"Hence, as a judgment settling property rights in a habeas corpus proceeding, the order, to the extent indicated, is void, but, having been entered by consent, it is evidence of binding contractual obligations."

Plaintiff contends that the order of December 21, 1946, regarded as a contract between the parties, is not susceptible to a construction which would eliminate defendant's liability for unpaid installments accrued prior to the entry of the order. An agreed judgment is in the nature of a contract and is to be construed as other contracts. Grayson v. Pure Oil Co., 189 Okla. 550, 118 P. 2d 644; Insurance Service Co., v. Finegan, 196 Okla. 441, 165 P. 2d 620. The intention of the parties is to be ascertained from the writing alone, if possible. 15 O.S. 1941 §155. The plaintiff testified that when she signed the order of December 21, 1946, it was not her

intention to relieve the defendant of the payments he owed under the divorce decree. The defendant testified to a contrary intention. This was the only disputed fact between the parties. However, in Hicks v. Mid-Kansas Oil & Gas Co., 182 Okla. 61, 76 P. 2d 269, this court held:

"A contract is to be interpreted to give effect to the mutual intention of the parties at the time of contracting, and in so doing the language used governs if it is clear and does not involve an absurdity. The meaning of a contract is to be ascertained from the writing alone, if possible, the duty of the court being to declare the meaning of what is written in the instrument, not what was intended to be written."

It is also the rule that the whole of a contract is to be taken together so as to give effect to every part if reasonably practical, each clause helping to interpret the other. 15 O.S. 1941 §157; Edmundson v. State ex rel. Johnson, 181 Okla. 150, 73 P. 2d 150.

Viewing the order of December 21, 1946, in the nature of a contract, and construing it in the light of the foregoing by ascertaining the intent of the parties from the writing alone and giving effect to every part thereof, the provision in the order that the divorce decree is modified by awarding the plaintiff $40 per month "in lieu of all other sums and in lieu of the $15 per week provided for therein" can have no other meaning than that it was the intention of the parties to relieve the defendant from any liability for unpaid installments accrued prior to the date of the order. The order recites that it is in lieu of all "other sums". What "other sums?" No other sums could have been intended than those that had been unpaid at the time of the approval of the order. No other sums were due. Nor could it be said that the provision for $40 per month was intended to be only in lieu of the $15 per week provided for in the divorce decree, because the agreed order specifically states that it is in lieu of both "all other sums" and "in lieu of the

$15 per week." By adopting the construction urged upon us by the plaintiff, the court would not be giving effect to every part of the agreed order, but would actually be required to disregard an express provision thereof.

It is not contended that the plaintiff did not understand the import of the consent order or that her consent thereto was obtained by fraud or mistake. She signed the order after consultation with and upon advice of her attorney. Thereafter, for a period of almost three years, she received $40 per month pursuant to that order and at no time during that entire period did she even intimate that the defendant owed her for installments accrued prior to the consent order. The inference is justified that plaintiff construed the consent order as relieving the defendant of liability for unpaid installments accrued prior to the order. It is said in 31 Am. Jur., p. 107, §462:

"The application to judgments of the rule of practical construction, that a construction adopted by the interested parties, especially if acquiesced in for a long time, will not be departed from by the court except for strong reasons, has peculiar force where a judgment by consent is involved."

The entire record discloses sufficient evidence that the consent order of December 21, 1946, was intended to and did relieve the defendant of liability for unpaid installments accrued prior to the order. The trial court so found and the record sustains the finding. Judgment afffirmed.

This Court acknowledges the services of Attorneys Philip N. Landa, Joseph L. Hull, Jr., and Jack N. Hays, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur. WELCH, J., dissents.

WELCH, J. (dissenting). I do not think the language of the journal entry can properly be construed as constituting or expressing an agreement by plaintiff to remit or cancel past installments unpaid. I believe plaintiff entitled to collect back payments within the applicable statute of limitations.