The FIRST NATIONAL BANK OF SEMI-NOLE, Seminole, Oklahoma, a corporation and Dick Bell (Intervenor in trial court), Appellees,

v.

Kenneth VILLINES and Wanda Villines, Appellants.

No. 43989.

Supreme Court of Oklahoma.

June 6, 1972.

W. B. Edwards, Seminole, for appellee, First National Bank of Seminole, Seminole, Okl.

Frank Seay, Seminole, for appellee, Dick Bell.

B. J. Brockett, Oklahoma City, for appellants.

WILLIAMS, Justice.

This appeal by the defendants in the trial court apparently resulted from their belief that they must appeal the judgment in order to preserve an alleged cause of action for "wrongful replevin, abuse of process and conversion" against an intervenor in the trial court.

In addition to the appeal on the merits, we have before us a motion to dismiss the appeal upon the ground that it was not filed within the 30 day period prescribed by 12 O.S.1968 Supp., § 990.

In the trial court, the First National Bank of Seminole sued the defendants, Mr. and Mrs. Villines, for a money judgment upon a promissory note executed by them in favor of Dick Bell, who had negotiated the note to the bank with an indorsement with recourse. Twelve days later (on August 6th) Dick Bell, represented by counsel since deceased, filed a motion for permission to intervene in order to "set up and assert a claim and lien" by virtue of a chattel mortgage executed by the defendants to secure the payment of the note Bell had sold to the bank (the mortgage had not been assigned to the bank). On the same day, and without notice or hearing, the motion was sustained and an order permitting the intervention was entered. Also on the same day Bell, as intervenor, filed what amounted to a petition in replevin with the statutory affidavit and bond, and a writ of replevin was issued. On August 7th the sheriff served the writ and took possession of the property described in the mortgage, a 1968 model automobile. On Aug. 8th, defendants executed and filed a re-delivery bond and the automobile was returned to them.

On August 21st, defendants filed a demurrer to the petition of Bell upon the ground that it failed to state facts sufficient to constitute a cause of action in favor of intervenor. From the record before us, it appears that the court never directly ruled upon this demurrer.

Within the next few days the defendants paid the bank the entire amount sued for, including court costs and attorney fees.

On September 5th, the bank filed a motion to dismiss with prejudice, reciting full payment of its claim. On the same day an order of dismissal was signed and filed in this case. This order by its terms purported to dismiss with prejudice " * * * any further action pertaining thereto or in connection therewith, dismissal both as to the petition and cause of action filed herein by the plaintiff and as to the petition of intervention filed herein by permission of this court by the interpleader, Dick Bell". It also further was ordered that the " * * * note and/or chattel mortgage executed by the defendants are hereby cancelled and released in full in all respects as being paid and satisfied in full; and it is further ordered by the court that any and all parties, litigants and bondsmen to this action are hereby released from any and all liability in connection with the filing of this action or any and all matters appertaining thereto * * *".

On September 10th, defendants filed a motion to vacate the order of dismissal. In this motion it was alleged, among other things, that the order was entered without notice or hearing, and that defendants had a cause of action against intervenor for

"wrongful replevin, abuse of process and conversion" which they wished to prosecute.

Defendants' motion to vacate was heard and sustained on November 14th, and the order of dismissal of September 5th was withdrawn. The bank's motion to dismiss with prejudice was then set for hearing.

On December 9th, the bank's motion to dismiss was sustained and the order of dismissal of September 5th was ordered "re-entered". Defendants then gave notice of appeal and the petition in error was filed in this court on January 8, 1970.

■ At this point we consider the motion to dismiss the appeal filed herein by the bank and intervenor. We find it unnecessary to consider in detail the arguments advanced in their brief in support of the motion because they all are based upon the premise that the time within which to appeal began to run on September 5th when the order of dismissal was first entered.

■ The premise is incorrect. Perhaps because it had been so recently enacted, the movants have overlooked the provisions of 12 O.S.1969 Supp. § 1031.1 which was passed with the emergency clause and became effective on April 28, 1969. When a motion to vacate is filed within the 30 day period the trial court has jurisdiction to act on the motion after the 30 days have expired and its action on the motion will have the same legal effect as if taken during the 30 day period. Orthopedic Clinic v. Jennings, Okl., 481 P.2d 139; Southeastern, Inc. v. Doty, Okl., 481 P.2d 144.

Since defendants' motion to vacate was filed only 5 days after the order of September 5th was entered, the court had jurisdiction to vacate the order of dismissal on November 14th, and the time within which to appeal did not begin to run until December 9th, when the order of dismissal was ordered "re-entered". The petition in error, filed in this court on January 8, 1970, was therefore filed within the time allowed by statute. The motion to dismiss the appeal is denied.

We note in passing that the Rules on Perfecting a Civil Appeal adopted by this Court on November 12, 1969, several of which are quoted and relied upon in the brief in support of the motion to dismiss the appeal, are not applicable to judgments of the district court rendered before January 1, 1970. See Rule 1.1, 12 O.S.1971, Ch. 15, App. 2, at page 1028.

■ We now consider the appeal on the merits.

In briefs, defendants argue generally under two propositions that the trial court erred in entering the order of dismissal.

The first is that the "purported" dismissal with prejudice "was not made by any agreement or by consent of the Plaintiff in Error and therefore is void".

In argument under this proposition, defendants fail to distinguish between a voluntary dismissal by a party to an action and a dismissal by order of the court. The dismissal in this case was of the latter class. In the transcript of the record before us we find no reference whatsoever to any agreement to dismiss. The bank's motion to dismiss recited full payment of its claim and did not purport to be based upon any other ground, or upon any stipulation or agreement to dismiss. The court's order of December 9th was entered only after notice and hearing. We hold that no agreement of the parties was required to support the valid portion of the court's order of dismissal.

Defendants' second proposition is that "Once an action is commenced neither the plaintiff nor an intervenor may dismiss his cause of action where to do so would materially prejudice the rights of any party to the suit". Again defendants fail to make the distinction noted in the preceding paragraph. They also cite authority to the effect that an application to dismiss may properly be denied "where to grant such application would prejudice the rights of an original party *acquired by pleading to the intervenor's petition*" (emphasis supplied). In this case, defendants' plea to intervenor's petition consisted only of the

general demurrer. The only "right", if any, acquired by defendants by virtue of the filing of the demurrer was a possible right to have the court dismiss the petition in intervention. This is what the court did.

As we have noted, this appeal apparently was prompted by defendants' fear that it was necessary in order to preserve an alleged cause of action against intervenor for "wrongful replevin" abuse of process and conversion", and we at least inferentially are invited to say (a) whether, at the time he intervened, Bell had any rights under the chattel mortgage which secured the payment of the note he had sold to the bank, and (b) whether, if the court's dismissal of December 9th is permitted to stand, defendants may now bring an action for wrongful replevin against the intervenor.

It is to be noted that at the time of the entry, after hearing, of the dismissal of December 9th, the trial court had before it (1) the bank's petition for a money judgment on the note; (2) Bell's plea in intervention based upon his claimed rights under the chattel mortgage; (3) defendants' demurrer to the plea in intervention; and (4) the undenied allegation of the bank, in its motion to dismiss, that the debt represented by the note and secured by the mortgage had been paid. Under these circumstances concededly defendants' payment of the debt had clearly satisfied the bank's claim and had extinguished any rights to possession of the automobile Bell previously had had under the mortgage, from that time forward. A ruling on defendants' demurrer would have been a ruling on an abstract question no longer presented by the facts before the court, the debt having been paid and discharged.

In this connection we note that neither at any time between August 7th, when the writ of replevin was served, and September 5th, when the order of dismissal was first entered, nor at any time between November 14th, when the first order of dismissal was vacated, and December 9th, when the final order of dismissal was entered, did defendants seek permission to file a cross-petition against the intervenor based upon their claimed cause of action for wrongful replevin. Their alleged cause of action for wrongful replevin was not properly in issue or before the court at the time of the dismissal of December 9th.

In effect we are requested to determine that the trial court lacked the authority to absolve intervenor from liability to defendants and vacate the portion of the court's order of dismissal purporting to do so. This we decline to do. Rather, this question, we hold, as well as the effect of any defenses to defendants' claims the intervenor may have, should not be passed upon in the present posture of the case in this Court.

The order of the trial court is affirmed.

BERRY, C. J., and JACKSON, LAVENDER and BARNES, JJ., concur.

IRWIN and McINERNEY, JJ., concur in result.