Mary Carol **HARRIS**, Appellant,

v.

Tommy Dell **HARRIS**, Appellee.

No. 46377.

Court of Appeals of Oklahoma,
Division No. 1.

July 2, 1974.

Rehearing Denied Aug. 6, 1974.

Certiorari Denied Oct. 8, 1974.

Released for Publication by Order of Court of Appeals Oct. 10, 1974.

McConnico & Thompson, Warren L. McConnico, Phil Thompson, Tulsa, for appellant.

Covington, Gibbon & Poe, John G. Ghostbear, Tulsa, for appellee.

ROMANG, Judge:

On July 25, 1968, the parties herein were divorced. The plaintiff wife, Mary Carol Harris, was awarded the custody of their three minor children. The defendant husband, Tommy Dell Harris, was ordered to pay child support at the rate of $75.00 per month per child, or a total of $225.00 per month.

This present proceeding is upon plaintiff's application for contempt citation together with a motion for an increase in the child support payments. The defendant filed a demurrer and answer and also a motion for a decrease in the child support payments.

On February 9, 1973, a hearing was held and the trial court entered an order which reads in part as follows:

". . . The Court finds that the support should be increased in an amount of $10.00 per month per child commencing the 15th day of February, 1973. The Court further finds that up to February 15, 1973, there would have accrued child support under the decree in the amount of $11,925.00 and that the Defendant has paid the amount of $6,030.95 on overpayment as and for child support, approximately $1,000.00 of which was in the nature of gifts, resulting in a balance of $5,030.95. The Court further finds that the Defendant should be allowed to deduct at the rate of $75.00 per month from the total of $255.00 per month until

the total amount of $5,030.95 has been repaid to the Defendant in full."

Plaintiff has appealed and presents three propositions as follows:

"PROPOSITION I. The Court erred in allowing the defendant to take credit out of future support payments for support overpaid in the past.

"PROPOSITION II. Money voluntarily paid with full knowledge of all the facts in the absence of fraud, duress, or compulsion cannot be recovered back by the payor because the payor at the time of payment was ignorant or mistook the law as to his liability.

"PROPOSITION III. The Court erred in ordering in effect a retroactive modification of the child support payments."

Plaintiff asserts in her brief as follows:

". . . The Court specifically found that the overpayment constituted an overpayment of child support and this is a finding of fact which does not appear to be disputed. The appeal solely involves the question of allowing the defendant to repay himself $5,030.95 out of future child support payments, increased from $225.00 per month to $255.00 per month."

Defendant states the question presented as follows:

". . . [W]hether the trial court was totally without authority to determine if the defendant made an overpayment of child support which he would be entitled to deduct in an amount fixed by the court from future child support payments."

Defendant testified as follows:

"A. The oral agreement we had was that I would pay her an amount in excess of $225.00 per month until such time as she graduated from college. Then I would drop down the payment to $150.00 per month. Such amount as would be put in a savings account for her use or when the children attended college

to pay for the college education of the three children.

Q. When did she [plaintiff] graduate?

A. In June of 1972.

Q. When did you make this agreement with her [plaintiff]?

A. In September, 1968."

Plaintiff did not recall any agreement that the payments were to be reduced to $150.00 per month after her graduation.

The record shows that the defendant did increase his payments to plaintiff from $225.00 to $260.00 per month, and later increased such payments to $360.00 per month. However, in December, 1972, defendant paid only $150.00 and announced that he was going to pay himself back the overpayment by deducting $75.00 per month from the $225.00 ordered by the Divorce Decree.

The amount of the overpayment is not disputed on this appeal.

Plaintiff relies upon the case of Newton v. Newton, 202 Va. 515, 118 S.E.2d 656 (1961) as being nearest in point. In the opinion thereof we notice the following:

". . . The question of the allowance of such a setoff has frequently been before the courts and the decisions on the subject are not harmonious.

\*      \*      \*      \*      \*      \*

"Some courts hold that credit or deductions for overpayments may be allowed under proper and equitable circumstances. Typical of such cases are, Briggs v. Briggs, 178 Or. 193, 165 P.2d 772, 166 A.L.R. 666; M. v. M., Mo.App., 313 S.W.2d 209. Other courts have taken the stricter view that the terms of the decree must be complied with and credit should not be allowed for overpayments voluntarily made. This is based upon the principle that such overpayments are gratuities for which the child or children should not be required to account.

\*      \*      \*      \*      \*      \*

"We take the view that it is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and that he should not be permitted to vary these terms to suit his convenience."

In the instant proceeding the terms of the decree as to the amount of the monthly child support payments were varied at the request of the divorced wife and to suit her convenience.

Plaintiff quotes from Greeson v. Greeson, 208 Okl. 457, 257 P.2d 276 (1953), wherein the court said:

"Plaintiff contends that the order of December 21, 1946, insofar as it operates retroactively to relieve the defendant of liability for the unpaid installments accrued prior to the entry of the order, is void because the court was without authority to make such an order.

"With this contention we agree. Under 12 O.S.1941 § 1277 the court has authority to modify an order for child support prospectively. The court does not have authority to make the modifying order operate retroactively."

In the Greeson case the divorced wife was seeking to recover child support payments which had accrued prior to entry of consent order which modified the decree and relieved the husband from any liability for unpaid installments. The court held that the consent order was in the nature of a contract and was binding on the parties. By way of contrast in the instant case, there was overpayment instead of underpayment.

In Wendel v. Wendel, 331 P.2d 370 (Okl.1958) the Oklahoma Supreme Court held in the syllabus as follows:

"Allowance of child support is a matter within the discretion of trial court, governed by considerations of justice and equity, and unless the judgment is against the clear weight of the evidence, or error is committed causing an injustice, reflecting an abuse of discretion, it will not be disturbed on appeal."

Under the Oklahoma rule, we hold that the order allowing the setoff on future

payments was within the discretionary power of the trial court. There being no evidence of an abuse of discretion or error causing an injustice, we find that said order should be affirmed.

Affirmed.

BOX, P. J., concurs.