2005 OK CIV APP 99

**Paul A. WHITE, Plaintiff/Appellee,**

v.

**Robyn WHITE, now known as Robyn Powell, Defendant/Appellant.**

**No. 100,105.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 25, 2005.

As Corrected Jan. 26, 2006.

Dennis A. Sagely, Broken Arrow, OK, for Plaintiff/Appellee.

James M. Elias, Brewer, Worten, Robinett, Bartlesville, OK, for Defendant/Appellant.

Opinion by DOUG GABBARD II, Judge.

¶ 1 Defendant, Robyn White, now Powell (Mother), appeals the trial court's order modifying the amount of child support paid by Plaintiff, Paul White (Father). Because the trial court deviated from the child support guidelines without adequate reasons, we reverse.

1. Sections 112(C) and 112.3(J) allow the court, when it is in the best interests of a child, to consider that one parent seeks to promote or

## FACTS

¶ 2 The parties were married in 1987 and divorced in 2002. The Decree of Divorce granted Father custody of the couple's four minor children, born in 1990, 1993, 1995, and 1996. Mother received visitation. Family counseling was ordered, with Father to pay 83% and Mother 17% of the cost. The decree excused Mother from paying child support "due to the wide disparity in the parties' income and [Mother's] prospects for increased income in the near future." The decree further ordered that the waiver of child support was to be considered equivalent to payments in lieu of alimony. Neither party appealed the decree.

¶ 3 In March 2003, Father filed a motion to modify the decree as it pertained to child support, alleging that permanent, material and substantial changes of conditions had occurred, in part, because: a) the parties had recently consented to a temporary order restricting Mother to supervised visitation by a counselor in Tulsa, resulting in higher transportation expenses to Father; b) Father's annual income had decreased; c) Mother's actions had caused the children to need additional, unanticipated counseling at increased expense to Father; d) Mother's continued unemployment was voluntary; and e) Mother had remarried. Father also filed a Notice of Intent to Relocate the children to Bentonville, Arkansas; due to his job relocation.

¶ 4 Mother filed a response denying the allegations of Father's motion. She also filed an objection to relocation and a motion to modify child custody, alleging Father had engaged in a pattern of interference and alienation involving her relationship with the children.

¶ 5 On August 22, 2003, after a hearing, the trial court found that Father and his new wife had acted inappropriately and had established a pattern of behavior alienating the children from their Mother. Applying 43 O.S. Supp.2004 §§ 112(C) and 112.3(J),[1] the trial court awarded custody of the three youngest children to Mother, but left custody

thwart visitation and/or the relationship with the other parent.

of the oldest child with Father due to that child's "age and the extreme nature of the alienation which has already occurred." The trial court also ordered that child support "shall be calculated according to the statutory guidelines." However, while the court imputed Mother's income at $8.24 per hour, it did not prepare child support computations or make findings regarding Mother or Father's monthly income.

¶ 6 On September 2, 2003, Father moved for an evidentiary hearing on the issue of child support. He requested a downward deviation, alleging that the guideline amount would be inequitable and not in the children's best interests. Father alleged that the provision in the Decree of Divorce waiving payment of child support by Mother was void on its face; that the present trial judge had agreed and made such a finding during the August 2003 hearing; that Father was unfairly required to pay $1,300 per month for three children while Mother paid only $160 per month for one child; and that the guideline amount was not in the best interests of the children.

¶ 7 On September 10, 2003, the trial court signed and filed Child Support Computations setting Father's monthly child support obligation at $1,273 and Mother's at $165, in accordance with the guidelines. However, on November 6, 2003, the trial court decreased Father's child support obligation to $800 per month, effective December 1, 2003, "due to the unique history and facts and circumstances" of the case. Mother now appeals.

## PRELIMINARY ISSUE

¶ 8 Mother first contends that the trial court had no authority to modify its order setting Father's child support obligation at $1,273 and hers at $165. Mother argues that Father's September 2003 motion was not a proper motion for new trial and was not timely filed.

¶ 9 Title 12 O.S.2001 § 1031.1(B) provides that upon motion of a party made not more than 30 days after a judgment or order was entered, the trial court may correct, open, modify, or vacate same. If such a motion is filed within the 30–day period, the

trial court retains jurisdiction to act on the motion even after 30 days have expired. *First Nat'l Bank of Seminole v. Villines,* 1972 OK 89, 497 P.2d 1299. The title or form of the motion is not binding since the meaning and effect of an instrument filed in court depends on its contents and substance. *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, 681 P.2d 757. While a motion to reconsider does not exist as a statutory pleading, it has been judicially viewed as a motion for new trial or motion to vacate. *McMillian v. Holcomb,* 1995 OK 117, 907 P.2d 1034.

¶ 10 In this case, Father's motion for reconsideration was filed within 30 days of the trial court's August 22 order and *before* the September 10 Child Support Computations were filed. Therefore, we conclude that Father timely requested reconsideration of child support.

## ANALYSIS

¶ 11 Child support proceedings are of equitable cognizance. *Merritt v. Merritt,* 2003 OK 68, 73 P.3d 878. However, 43 O.S. Supp.2004 § 118(A) provides for a rebuttable presumption that application of the child support guidelines results in "the correct amount of child support to be awarded." A trial court may only deviate from the guidelines when the amount of support indicated is "unjust, inequitable, unreasonable, or inappropriate under the circumstances, or not in the best interests" of any child involved, and it is required to make specific findings of fact supporting any such deviation. 43 O.S. Supp.2004 § 118(B).

¶ 12 In the present case, the trial court granted a deviation "due to the unique history and facts and circumstances of the case." This finding fails to meet the specificity requirement of the statute. In addition, the record submitted fails to support the trial court's action.

¶ 13 In his motion to reconsider and his appellate brief, Father claims that the history of this case is unique because the divorce decree contained a void order that did not require Mother to pay support, that he paid alimony for a period of two years before the divorce was entered, and that the guidelines

would require him to pay far more than Mother pays ($426 per child compared to $165). Implicit in Father's reference to the "unique history" of the case is his belief that the original trial judge's decision waiving Mother's duty to pay child support was void and that he was entitled to some offset or other consideration against his duty to pay future child support.

¶ 14 This Court has recognized the discretionary right of trial judges to offset the overpayment of past child support against future support in some situations. *See Harris v. Harris,* 1974 OK CIV APP 32, 530 P.2d 147; *Hollingsworth v. Underhill,* 2001 OK CIV APP 87, 27 P.3d 1034. However, Father does not contend that he overpaid support. Granting him offset for the underpayment of support by Mother thus would amount to a retroactive modification of support, which is clearly prohibited by Oklahoma law. *Catlett v. Catlett,* 1966 OK 55, 412 P.2d 942.

¶ 15 Moreover, we cannot conclude that the order waiving Mother's duty to pay child support was void. Title 43 O.S. Supp.2004 § 118 grants trial judges the right to deviate from the guidelines, including the right to waive support entirely. In the decree, the trial court made a specific finding, as required by § 118, that Mother's duty to pay child support should be waived "due to the wide disparity in the parties' incomes and [Mother's] prospects for increased income in the future," and that the waiver "shall suffice in lieu of alimony to aid [Mother] in the transition and provide her with sufficient financial ability to conduct visitation." While a Child Support Computation should have been prepared and filed, we cannot conclude from this record that the original trial judge abused his discretion. Furthermore, because the order was not void, Father waived objection to it by failing to appeal.

¶ 16 The fact that the child support guidelines result in a wide disparity in amounts paid per child by Father and Mother also does not justify the trial court's deviation. The guidelines were established by legislative action and were determined by data and other factors unknown to this Court. Title 43 O.S. Supp.2004 § 118 codifies a presumption that the guidelines result in the appropriate child support amount. Absent evidence challenging the constitutionality of their application or demonstrating that they are "unjust, inequitable, unreasonable, or inappropriate under the circumstances, or not in the best interests" of any child involved, we are constrained to enforce them.

¶ 17 Father originally requested that support be set in accordance with the guidelines. A mere change in custody does not support a deviation from those guidelines, nor does the record indicate anything of a "unique" nature which supports a finding that the guideline amount is unjust, inequitable, unreasonable, or inappropriate under the circumstances, or that it would not be in the best interests of the children involved.

## CONCLUSION

¶ 18 The trial court's November 6, 2003, order fails to meet the specificity requirements of 43 O.S. Supp.2004 § 118(B), and the record fails to support any deviation from the child support guidelines. We therefore reverse. Child support shall be paid in accordance with the Child Support Computations filed on September 10, 2003.

REVERSED.

REIF, P.J., and WISEMAN, J., concur.