2010 OK CIV APP 13

**Robert WARD, Petitioner/Appellant,**

v.

**Valerie WARD now Hancock,
Respondent/Appellee.**

**No. 105,521.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 11, 2009.

Steven S. Kerr, Oklahoma City, OK, for Petitioner/Appellant.

John W. Gile, Roe T. Simmons, John W. Gile, P.C., Edmond, OK, for Respondent/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Petitioner, Robert Ward (Father), appeals the trial court's order finding him in contempt of court for failure to pay child support. Having recast this appeal as an application for a writ of prohibition, we deny same.

## BACKGROUND

¶2 In 1995, Father and Respondent, Valerie Ward (Mother), were divorced. It is not disputed that the divorce decree awarded Mother custody of the couple's three children, born in 1983, 1985, and 1989, and required Father to pay "reasonable child support until the children of the marriage reach the age of majority as provided in 43 O.S. (1991) Sec. 112 or until further order of this court in the amount of $1,750.00 per month . . ."

¶3 Father paid child support as ordered until his oldest child graduated from high school in May 2002. He then reduced his child support payment to $1,200 per month beginning in June 2002, and further reduced his child support payment to $600 per month beginning in June 2004 after the next oldest child graduated.

¶4 In late 2006, Mother contacted the Oklahoma Department of Human Services, Child Support Division, to obtain assistance in collecting unpaid child support. Shortly thereafter, Father filed a motion to modify requesting that his child support be reduced because his two oldest children had reached majority and graduated from high school. Mother responded by filing an application for contempt citation, alleging that Father had failed to pay more than $50,000 in child support, medical bills and insurance. Father denied that he was in contempt, asserting that he had a right to reduce child support, and, if not, that Mother's actions were barred by laches. Father also requested that he be awarded the right to claim the tax deduction on the youngest minor child.

¶5 The trial court found that the support order was not automatically reduced as each of the children reached majority, and based upon the parties' stipulations,[1] that Father

---

1. The parties had previously stipulated, in part, as follows:

   Should the Court determine the Petitioner's position that he *is* entitled to credit for payments made to the adult children is correct but the

   $1750/mo is *not* automatically modified, then Petitioner owes child support in total amount of $55,142 through Dec. 2006. Said amount is computed by subtracting total payments shown in Petitioner's Aid to Court attached to Trial

owed $55,142 in past due support. The court also found that Father might be entitled to a set off for child support payments made directly to the older children after they reached majority. After an August 2007 hearing, the trial court entered the following orders: (1) It sustained Father's motion to modify, found that Father and Mother's incomes were $10,000 and $2,800 per month, respectively, and reduced child support to $1,002.80 per month beginning February 1, 2007; (2) it sustained Father's request that he be given the tax deduction for the year 2007; (3) it found that Father was guilty of contempt of court because he had failed to pay child support in the total arrearage amount of $55,142, had failed to pay medical bills in the total arrearage amount of $373.52, and had failed to pay health insurance premiums since January 2006 in the total arrearage amount of $1,997.50; (4) it granted Mother an arrearage judgment against Father in the total sum of $57,513.42; and (5) it deferred Father's sentencing until February 13, 2008, directed him to make a "substantial payment" on the judgment, and ordered him to submit a payment plan if the judgment was not satisfied by that date. Father appeals.

## STANDARD OF REVIEW

¶ 6 In this case, the parties do not dispute the facts, and the only issues raised are questions of law. i.e., whether Father had a right to reduce support payments and, if not, whether Mother's claim is barred by laches. We review questions of law *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## PROCEDURAL MATTERS

¶ 7 Initially, we must address two procedural questions. First, when the Notice of Completion of Record was not timely filed in this case, the Oklahoma Supreme Court gave

Father until August 29, 2008, to obtain the filing, or face the possibility that his appeal would be dismissed. Father did not meet the Court's deadline, but he eventually secured the filing of the Notice of Completion of Record.[2] The Supreme Court did not dismiss this matter, but assigned the case to this Court. After reviewing the briefs, and noting that the appellee has not raised the issue, we decline to dismiss this case. *See Clay v. Choctaw Nation Care Center*, 2009 OK CIV APP 35, n. 1, 210 P.3d 855, 857.

¶ 8 Second, the trial court found Father guilty of contempt, but deferred sentencing until February 13, 2008. Although a check of Oklahoma County District Court records does not reveal whether sentencing has occurred, Father asserts that the trial court deferred his sentencing upon condition that he continue making regular payments on the arrearage. Generally, a contempt order which defers sentencing is not an appealable order. *First Nat'l Bank & Trust Co. of Ada v. Arles*, 1991 OK 78, 816 P.2d 537. However, in *Arles*, the Supreme Court held that, because the appellant sought relief from a ruling prohibiting enforcement of a trial court order, it would recast the appeal as an original proceeding seeking a writ of prohibition. *Id.* at ¶ 6, 816 P.2d at 539. This Court has the same power, pursuant to 20 O.S.2001 § 30.1:

> The Court of Civil Appeals shall have jurisdiction to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition, or any other process when this may be necessary in any case assigned to it by the Supreme Court. Thus, we recast this appeal as an application for writ of prohibition.

## ANALYSIS

¶ 9 In his only proposition of error, Father asserts the trial court erred in determining that he did not have a right to auto-

---

Brief from total obligation of $126,000 for Jan. 2001 to Dec. 2006.

2. The Notice of Completion was not timely filed because each party's designation of record included a transcript of the August 20, 2007, hearing, and that transcript was never filed. In fact, a record of the August hearing could not be

prepared because it had not been transcribed by a reporter. The matter was eventually resolved after the attorneys for *both* parties notified the court clerk that such a transcript was unnecessary. The court clerk then forwarded the record and notice to the Clerk of the Supreme Court.

matically reduce support as each child reached majority. He relies upon the original divorce decree which provides, in part:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff shall pay to the Defendant a reasonable child support until the children of the marriage reach the age of majority as provided in 43 O.S. (1991), Sec. 112 or until further order of this court in the amount of $1,750.00 per month for the care and maintenance of the minor children in accordance with Child Support Guidelines as set forth in 43 O.S. Suppl. (1989), Sec 119 which are attached hereto.

¶ 10 At the time the divorce decree was entered, 43 O.S.1991 § 112 provided that a child was entitled to support until the child reached 18 years of age, or through age 18 if the child was still in high school.[3] However, 43 O.S. Supp.1995 § 118(19) (later renumbered as § 118(E)(16)(c), and currently found at § 118I(C)) stated, in pertinent part:

A child support order shall not be construed to be a per child order unless specified by the district or administrative court in the order. Child support is *not automatically modified* in a child support order which provides for more than one child when one of those children reaches majority or is not otherwise entitled to support pursuant to the support order; however, such circumstance shall constitute a material change in circumstances[.][4] (Emphasis added)

¶ 11 This provision clearly indicates that child support is not automatically modified as each child reaches majority. A parent who is paying child support for multiple children may not unilaterally reduce his or her child support payment as each child reaches majority, unless the divorce decree so provides. Absent specific authorizing language in the decree, a party seeking to reduce child support because one or more of his children has

reached majority must request a modification hearing.

¶ 12 There are several reasons for requiring such a hearing. *First*, as Father admits in his appellate brief, a child support award for multiple children cannot be ratably reduced when a child reaches majority. In Oklahoma, child support must be awarded in accordance with the Uniform Child Support Guidelines, now found at 43 O.S.2001 § 119. The guidelines do not calculate child support for multiple children as a multiple of the guideline amount for one child, nor can it be reduced in that manner. In other words, a child support award for three children cannot be reduced by one-third when one of the children reaches majority. *Second*, every modification of child support must be based upon the parents' income *at the time modification is sought. See* § 119. In fact, the trial court's modification order set Father's child support at $1,002.80, an amount far greater than one-third of the original decree amount. This occurred because Father's income had increased. *Third*, every modification is within the sound discretion of the trial court. The fact that a child has reached majority is simply one factor, although a compelling one, which the trial court must consider in granting or denying modification and in setting the amount of an award.

¶ 13 Here, the divorce court did not set total child support based upon a specific amount for each child, and, therefore, § 118 does not allow that total award to be construed to be an amount per child. Father could not automatically reduce his child support payment, but was required to request modification. He failed to do so, and his child support cannot now be retroactively modified. *Greeson v. Greeson*, 1953 OK 111, 208 Okla. 457, 257 P.2d 276.

¶ 14 Nevertheless, Father asserts that this subsection of § 118 is subject to, and in conflict with, former subsection

---

**3.** The current version of the statute is similar, but provides for child support through the age of 20 if the child is still in high school.

**4.** This statute, amended but with substantially similar language, was later moved to § 118(E)(16)(c), which was in effect when Father began making unilateral reductions, and when

his motion to modify was filed. The statute is now found at § 118I(C), which also states that "[w]hen the last child of the parents ceases to be entitled to support, the child support obligation is automatically terminated as to prospective child support only."

§ 118(E)(21) (now found at § 118D(F)), which provides in pertinent part:

> The court, to the extent reasonably possible, shall make provision in an order for prospective adjustment of support to address any foreseen changes including, but not limited to, changes in medical insurance, child care expenses, medical expenses, [and] extraordinary costs....

Father asserts that a child reaching majority is one of the "foreseen changes" implicitly contemplated by this provision. We disagree.

¶15 Provisions in statutes must be construed in a manner so as to reconcile them, if possible, and to render them consistent and harmonious, and to give intelligent effect to each. *AMF Tubescope Co. v. Hatchel*, 1976 OK 14, ¶22, 547 P.2d 374, 380. Father's construction of these statutes would render the language of former § 118(19) and § 118(E)(16)(c) meaningless. The only reasonable construction of the statutes is that the term "foreseen changes" in § 118(E)(21) does not include a child reaching majority, a circumstance specifically addressed by former § 118(19) and § 118(E)(16)(c). This is consistent with the rule of statutory construction that where two statutes or provisions deal with the same subject matter, the specific controls over the general. *City of Tulsa v. Smittle*, 1985 OK 37, ¶17, 702 P.2d 367, 371.

¶16 Father also asserts that laches bars Mother's right to obtain an arrearage judgment. He argues that since Mother accepted his reduced payments for five years, he should not be required to pay any deficiency. In *Hedges v. Hedges*, 2002 OK 92, 66 P.3d 364, the Oklahoma Supreme Court found that equitable defenses may be asserted in child support actions, but noted that a party who asserts laches must prove: (1) that the plaintiff unreasonably delayed the commencement of proceedings to enforce the claim, and (2) that the defendant was materially prejudiced by this delay. *Id.* at ¶8, 66 P.3d at 369. Father failed to prove material prejudice because he is paying no more money now than that ordered by the original decree.

## CONCLUSION

¶17 Finding no error in the trial court's ruling, the writ of prohibition is denied.

¶18 WRIT OF PROHIBITION DENIED.

WISEMAN, V.C.J., (sitting by designation), and BARNES, J., (sitting by designation), concur.